## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GOLDFINCH DESIGN STUDIO LLC, and
JAMES J MACOR,

               Plaintiffs,

      v.

COLLECTOR'S UNIVERSE, INC., d/b/a
COIN GRADING SERVICES, and HID
GLOBAL CORPORATION,

          Defendants.

Civil Action No. 20-2542 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Collector's Universe, Inc., ("Collectors") and HID Global Corporation's ("HID") (collectively, "Defendants") Motion to Stay Pending Reexamination of the Patent-In-Suit (the "Motion"). (ECF No. 15.) Plaintiffs Goldfinch Design Studio LLC ("Goldfinch") and James J. Macor ("Macor") (collectively, "Plaintiffs") opposed, (ECF No. 25), to which Defendants replied, (ECF No. 27). For the reasons set forth below, Defendants' Motion is granted.

## I.     BACKGROUND

Macor is the inventor of U.S. Patent No. 8,376,133 (the "'133 Patent") and the owner of Goldfinch. (Pls.' Opp'n 1, ECF No. 25-1.) Goldfinch is the assignee of the '133 Patent. (*Id.*) The '133 Patent is a design intended to protect, authenticate, and identify collectable objects, mainly coins. (Compl. ¶ 12, ECF No. 1.) In essence, the '133 Patent consists of a holder for a collectible object that is resistant to disassembly and contains an electronic storage device capable of storing an image of the collectible device. (*Id.*) Collectors operates Professional Coin Grading Service ("PCGS"), a business that provides coin grading, authentication, attribution, and encapsulation. (Moving Br. 2, ECF No. 15-1.) HID provides products and services to allow secure access to

physical and digital places or information. (*Id.* at 2–3.) In early 2020, PCGS announced it would start offering an upgrade to its anti-counterfeiting technology, namely, embedding a HID tag capable of being read by smartphones and communicating authentication information into the secure plastic holders used to encapsulate items certified and graded by PCGS. (*Id.* at 3 & n.2.) On March 9, 2020, Plaintiffs filed this action, alleging Defendants infringed on the '133 Patent. (Compl. ¶ 14.) Defendants petitioned the United States Patent and Trade Office ("PTO") for *ex parte* reexamination of the '133 Patent. (Moving Br. 1.) The PTO granted Defendants' request for *ex parte* reexamination. (Defs.' July 15, 2020 Letter, ECF No. 20.) They seek a stay of this case pending reexamination. (Moving Br. 1.)

## II.    LEGAL STANDARD

"[T]he courts have the inherent power to control and manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO re-examination." *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 62 (D.N.J. 1992) (internal citation omitted). "Staying a patent case during re-examination is discretionary." *Robern, Inc. v. Glasscrafters, Inc.*, No. 16-1815, 2017 WL 132841, at *2 (D.N.J. Jan. 13, 2017). "This District has recognized a generally liberal policy toward granting stays pending patent reexamination by the USPTO." *Id.*

> In deciding whether to stay a matter pending reexamination, courts have developed a three-part test "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."

*Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp 2d 404, 406 (W.D.N.Y. Feb.18, 1999)). Other courts have simply stated that the costs of the stay must be weighed against its benefits. *Id.*

(quoting *Motson v. Franklin Covey Co.*, No. 03-067, 2005 WL 3465664, at *1 (D.N.J. Dec. 16, 2005)).

## III.   <u>DISCUSSION</u>

### A.  Undue Prejudice and Tactical Advantage

Defendants argue that there is no inappropriate tactic here because they filed for reexamination shortly after being served. (Moving Br. 9.) Further, citing the fact Plaintiffs did not move for a preliminary injunction and that they appear to be seeking to license the '133 Patent, Defendants submit monetary damages would be adequate for any alleged infringement during the pendency of the lawsuit. (*Id.* at 10.) Lastly, Defendants claim the reexamination proceedings should only take a matter of months. (*Id.* at 11.)

Plaintiffs respond that there is a significant economic disparity between the Plaintiffs and Defendants, and assert Defendants have been trying to delay these proceedings through extensions of time and now the instant Motion. (Pls.' Opp'n 3–4.) Plaintiffs estimate that it will take two years for the PTO to issue a decision, and argue the delay will create undue prejudice and provide Defendants with a tactical advantage for three reasons. (*Id.* at 4.) First, Defendants will accustom the market to a price that does not take into account a reasonable royalty, thus setting a price too low for prospective competitors. (*Id.*) Second, Defendants will continue to bundle the infringing product with other products and services, which will greatly complicate the calculation of a reasonable royalty fee. (*Id.*) Third, there are competitors who have announced plans for similar products but cannot act until this matter is decided. (*Id.*)

In reply, Defendants submit that wealth disparities are not a factor in deciding whether a stay is appropriate. (Defs.' Reply 2, ECF No. 27.) Defendants further argue that Plaintiffs have not alleged Defendants are competitors of them, and that a lack of market competition between the

parties weighs in favor of a stay. (*Id.* at 3.) Lastly, they reassert that Plaintiffs' prospective damages can be fully compensated with monetary damages. (*Id.*)

"[C]ourts recognize that 'a motion to stay pending a review of patent claims can always be said to seek a tactical advantage' in some sense." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-7025, 2016 WL 7165695, at *4 (D.N.J. Dec. 7, 2016) (quoting *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. 12-1063, 2015 WL 8674901, at *5 (D. Del. Dec. 11, 2015)). "Courts are generally reluctant to grant a stay in a matter where the parties are direct competitors on the rationale that a stay would likely cause the non-movant to lose substantial profits and goodwill on the market." *Id.* at *5. "[D]elay alone does not prejudice a party." *Russo v. New Jersey*, No. 17-2762, 2018 WL 3601234, at *4 (D.N.J. July 27, 2018).

The Court finds the first factor weighs in favor of a stay. Plaintiffs and Defendants are not direct market competitors. Rather, as Defendants contend, it appears Plaintiffs are seeking to license the '133 Patent to potential competitors of Defendants. A stay of this case during the pendency of reexamination is unlikely to cause Plaintiffs irreparable economic harm, because monetary damages could compensate for their lost reasonable royalties. This is further borne out in Plaintiffs' decision not to seek a preliminary injunction. Moreover, it does not appear to the Court that a stay will cause a substantial loss of goodwill, or a substantial loss of profits that cannot be adequately remedied. Accordingly, the Court does not find there will be undue prejudice to Plaintiffs or that Defendants will be afforded a substantial tactical advantage.

## B. Simplification of the Issues

Defendants argue reexamination may dispose of all claims and defenses in this action, explaining they have petitioned the PTO to reexamine all of the '133 Patent's claims. (Moving Br. 12.) Citing the PTO's statistics on reexamination, Defendants argue it is highly likely their petition will be granted, at least, in part. (*Id.* at 13.)

4

Plaintiffs respond that the '133 Patent was issued after a long prosecution and appeal before the Board of Patent Appeals and Interferences ("BPAI"). (Pls.' Opp'n 5.) On the merits, Plaintiffs explain that Defendants' reexamination petition asserts new grounds for rejection, specifically, that the '133 Patent contains obvious combinations of U.S. Patent No. 6,250,549 ("DeFabio") and U.S. Patent Application Pulication 2007/0113451 ("McDowell"). (*Id.* at 5–6.) Plaintiffs contend that DeFabio was considered and not even cited by the BPAI because it is dramatically different in that it has a CD that must be detached to be read by a specialized CD-ROM reader. (*Id.* at 6–7.) As for McDowell, Plaintiffs contend the '133 Patent has priority over its claims. (*Id.* at 8.)

Defendants respond that the PTO has granted their application for reexamination based on finding substantial questions of patentability. (Defs.' Reply 4.) Defendants further argue that Plaintiffs are improperly asking the Court to predict what the PTO's determination will ultimately decide. (*Id.* at 5.) The proper inquiry, according to Defendants, is simply whether the outcome of the reexamination would be dispositive of the issues in this litigation. (*Id.* at 6.)

"Reexamination proceedings may simplify litigation by the 'cancellation, clarification, or limitation of claims' that may eliminate the court's need to litigate whether [the defendants have] infringed one or more of the asserted claims." *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 15-4431, 2015 WL 7012747, at *7 (D.N.J. Nov. 12, 2015). "Thus, a stay could 'prevent resources from being expended on invalid or amended claims.'" *Id.* (quoting *ICI Uniqema, Inc. v. Kobo Prod., Inc.*, No. 06-2943, 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009)). "[E]ven if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988). "The Court need not find that all issues be eliminated by a reexamination to grant a stay; the fact that the PTO's reexaminations may create simplification in the case is a sufficient reason to support granting a

5

stay." *Mondis Tech. Ltd.*, 2015 WL 7012747, at *7. For 2019, the PTO's statistics show that, upon reexamination, all claims are confirmed in 21% of cases, all claims are cancelled in 9% of cases, and the claims are changed in 70% of cases. *Ex Parte Reexamination Historical Statistics*, U.S. Patent and Trademark Office (Updated Dec. 2019), https://www.uspto.gov/learning-and-resources/statistics/reexamination-information.

The Court finds the second factor weighs in favor of a stay. Plaintiffs' arguments focus on the merits of Defendants' reexamination application. It would be inappropriate for the Court to try and predict what, in particular, the PTO's ultimate determination may be. Based on the arguments before it, however, the Court cannot conclude Defendants' petition is meritless, and the prospect that the issues before the Court may be simplified is enough to favor staying the proceedings. On balance, a stay would likely benefit the Court, either by narrowing the Plaintiffs' claims or by providing the Court with valuable analysis that could help simplify the issues.

### C. Stage of the Proceedings

Finally, the parties agree that this case is in its infancy. (Moving Br. 13; Pls.' Opp'n 2.) Defendants have not answered yet, and discovery has not begun. (Moving Br. 13; Pls.' Opp'n 2.) This factor weighs in favor of a stay.

## IV.   <u>CONCLUSION & ORDER</u>

Having balanced the three factors for determining whether a stay is warranted pending *ex parte* reexamination of a patent, and finding all three factors weigh in favor of a stay of these proceedings, the Court in its discretion will order this case stayed.

For the reasons expressed above, and for other good cause shown,

**IT IS** on this 25th day of August, 2020 **ORDERED** that:

1.   Defendants' Motion (ECF No. 15) is **GRANTED**.

2.   This case is hereby stayed pending the *ex parte* reexamination of the '133 Patent.

3.    Defendants shall notify the Court within fourteen days of disposition of the reexamination.

4.    The Clerk's Office shall administratively terminate this case.

ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE